FILED

2019 OCT 28 PM 12: 48

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

GUIDO GALLUCCI,

PLAINTIFF,

vs.

MICHELLE LYNN GALLUCCI,
*aka* MICHELLE L. CRONK,

DEFENDANT.

DOMESTIC CASE NO. DM0601-18

**DECISION AND ORDER**
[1] Motion to Dismiss
[2] Motion to Strike or for Leave
[3] Motion for Leave

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 25, 2019, upon a Motion to Dismiss Pursuant to Guam Rules of Civil Procedure Rule 12(b)(2). The Motion was filed by DEFENDANT **MICHELLE LYNN GALLUCCI** *aka* **MICHELLE L. CRONK ("Cronk")**. She is represented by Attorney Daniel S. Somerfleck. PLAINTIFF **GUIDO GALLUCCI ("Gallucci")** filed a Motion to Strike, or alternatively, for Leave to File Plaintiff's Supplemental Declaration. He, then, filed another Motion for Leave for the dismissal. Gallucci is represented by Attorney Daniel J. Berman. Upon review of the pleadings, oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** the Motion to Dismiss and finds all other motions **MOOT**.

## BACKGROUND

Gallucci and Cronk married on February 14, 2009, in New York, where they then resided. *(Cronk Decl. at ¶¶ 2-3.)* In July 2013, Gallucci began working as a pilot for United Airlines. *(Gallucci Decl. at ¶¶ 18-19.)* Cronk works for the New York Mets. *(Cronk Decl. at ¶ 8.)* Gallucci

was able to fly between New York and Guam; however United Airlines required he relocate to Guam. *(Cronk Decl. at ¶¶ 3, 8; Gallucci Decl. ¶ 20.)* In November 2013, the Parties physically separated. *(Gallucci Decl. at ¶ 19.)* On December 10, 2018, Gallucci relocated to Guam while Cronk remained in New York. *(Cronk Decl. at ¶¶ 2-3; Gallucci Decl. at ¶ 20.)* Gallucci avers he has established residency on Guam since relocating. However, Cronk asserts Gallucci still receives mail at her parents' residence in New York. *(Cronk Decl. at ¶ 3.) (Gallucci Decl. at ¶ 20.)* Meanwhile, Cronk has never visited, resided in or worked in Guam. *(Cronk Decl. at ¶ 4.)*

Gallucci states the Parties first discussed divorce in November 2017. *(Gallucci Decl. at ¶¶ 6-7.)* Conversely, Cronk states it began in May 2018. *(Cronk Decl. at ¶ 3.)* On November 1, 2018, Gallucci filed for divorce in the Superior Court of Guam, declaring irreconcilable differences. *(Gallucci Decl. at ¶ 11; Compl. at ¶¶ V, IX.)* Gallucci states they have no children, no undivided community property, no community debt and no dispute for separate property. *(Compl. at ¶¶ e, VI-VIII; Gallucci Decl. at ¶¶ 22-23.)* Gallucci claims Cronk has never claimed or requested any property, community or separate, from his earnings or assets. *(Gallucci Decl. at ¶ 5.)* Cronk filed for divorce in Suffolk County, New York on December 19, 2018. *(Cronk at ¶ 5; Opp'n at 2).* Cronk argues Gallucci should have addressed their undivided community property, undivided community debt, reasonable maintenance, alimony and medical insurance. *(Cronk at ¶¶ 6-7.)*

Gallucci filed a Verified Complaint for Divorce in Guam on November 1, 2018. It was served November 30, 2018. *(Gallucci Decl. at ¶ 11; Cronk Decl. at ¶ 5.)* In lieu of answering, Cronk filed an Action for Divorce in New York on December 19, 2018, which has yet to be served. *(Cronk Supp. at 3.)* Cronk then filed a Motion to Dismiss and her supporting Declaration on January 9, 2019. Gallucci filed an Opposition and his supporting Declaration on February 5, 2019. On February 20, 2019, Cronk filed a Reply and its supporting declaration, which detailed their marital discussions and property. On March 22, 2019, Gallucci filed a Motion to Strike or for Leave, arguing the declaration was improper. Cronk opposed on April 19, 2019. Gallucci replied on April 26, 2019. Then on October 8, 2019, Gallucci filed another Motion for Leave regarding the dismissal. Oral arguments were only heard on the Motion to Dismiss and Motion to Strike or Leave on July 25, 2019, when the Court took the matter under advisement.

## DISCUSSION

Cronk argues the Verified Complaint for Divorce should be dismissed as Guam's courts lack personal jurisdiction over her. *(Mot. Dismiss at 2.)* Gallucci opposes, arguing the Complaint should not be dismissed due to the concept of divisible divorce. *(Opp'n at 4.)* Under Rule 12(b) Guam Rules of Civil Procedure Rule 12(b) for motions to dismiss, it states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . lack of jurisdiction over the person[.]

GRCP 12(b). On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof in establishing personal jurisdiction. Perez v. U.S., 103 F.Supp. 3d 1180, 1196 (S.D. Cal. 2015) (citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990); Mavrix Photo, Inc. v. Brand Technologies, Inc., 674 F.3d 1218, 1223 (9th Cir. 2011). The burden of proof only requires a *prima facie* showing of reasonable particularity. Mavrix at 1223; Frungillo v. Imperia Entm't, Inc., 2015 WL 619628, at *3 (E.D. Cal. 2015) (citing Mellon Bank (E.) PSFS Nat. Ass'n. v. Farino, 960 F.2d 1217, 1223 (3rd Cir. 1992)). While a plaintiff may not rest on bare allegations alone, any uncontroverted evidence is taken at face value. Perez at 1196. On the other hand, conflicting statements between the parties are resolved in favor of the plaintiff. Id. at 1196-97. Nevertheless, courts have discretion concerning a ruling for dismissal. Speicher at ¶ 21-22.

### A. Dismissal is Improper as Guam May Grant the Dissolution of Marriage.

Guam can maintain jurisdiction over the dissolution of marriage under the concept of divisible divorce. Speicher v. Speicher, 2013 Guam 11 ¶ 18. The Supreme Court of Guam holds the sole issue of dissolution of marriage can be ordered so long as the court maintains jurisdiction over a party. Id. at ¶¶ 14, 20. When a complaint satisfies the statutory requirements for the dissolution of marriage and the court has jurisdiction over at least one party, that court can grant the dissolution of marriage. Id. at ¶ 20 (stating the court has no discretion when irreconcilable differences are the basis for the sole issue of dissolution of marriage).

Despite Cronk's contentions, the matter at hand closely resembles Speicher. In Speicher, the wife first filed for divorce in Hawaii. Then, the husband also filed the same in Guam, stating

irreconcilable differences. The husband owned a Guam driver's license, worked in Guam and filed income tax to Guam. In contrast, the wife had never resided in, worked in or visited Guam. She resided in Hawaii, the location of some marital property. Thus, the wife filed a motion for dismiss for lack of personal jurisdiction, stating she lacked certain minimum contacts with the forum. The Supreme Court of Guam held that despite lacking personal jurisdiction over the wife, dismissal of the complaint was improper as Guam could still grant the dissolution of the marriage. Guam maintained jurisdiction over the matter because the husband was a Guam resident; thus, dissolution was possible through divisible divorce. Speicher at ¶ 24.

Here, both Parties filed for divorce in different jurisdictions: Gallucci in Guam and Cronk in New York. Cronk also filed a Motion to Dismiss against Gallucci's Complaint. She argued a lack of personal jurisdiction as she had never worked in, resided in or visited Guam. However, Gallucci argues he established residency on Guam since December 2013, when his employment required relocating. *(Gallucci Decl. at ¶ 20.)* While Cronk does not dispute Gallucci's reason for relocating, she avers Gallucci was in New York in June, July and August 2018. *(Cronk Decl. at ¶ 3.)*

The Court finds dismissing Gallucci's Complaint would be improper for the same reasons as Speicher. The dissolution of marriage does not depend on the settlement of property disputes. Id. at ¶ 18. Although the Parties have a dispute of martial property, it does not prevent Guam from granting a divorce. "Divisible divorce is based on the principle under which financial responsibility and marital status may be separately litigated at different times and different forum." Id. at ¶ 17 (citing In re Marriage of Gray, 204 Cal. App. 3d 1239, 1248 (1988) (internal quotations omitted).

Dissolution of marriage requires a party's residency to be pled and proven. 19 GCA § 8319. "A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." Id. at § 8318. If a party is physically present in Guam for at least ninety (90) days prior to filing, then residence is only *presumptively* concluded. Id. at §§ 8318-19. Therefore, so long as Guam's statutory requirements for the dissolution of marriage are satisfied, the Court must deny Cronk's Motion to Dismiss. See Speicher at ¶ 20 ("[T]he trial court does not have

discretion on whether or not to grant the dissolution of the marital relationship given that the trial court has jurisdiction over [the husband].")

Gallucci satisfies his burden of proving residency since he relocated and established residency in Guam since December 2013. Even if Cronk rebuts the presumption of residency under Section 8318, Gallucci still has pled and proved his residency in Guam. In July 2013, Gallucci was hired by United Airlines, which required relocating to Guam. *(Gallucci Decl. at ¶¶ 18-19.)* Gallucci and physically Cronk separated in November 2013 through Cronk's request. Id. at ¶ 19. On December 10, 2013, Gallucci relocated from New York to Guam and has since then established permanent residency. Id. at ¶ 20; *(Opp'n at 6.) (Compl. at Part III.)* Moreover, Cronk is aware of Gallucci's relocation since December 2013, which she has not disputed. *(Berman Decl. at Ex. A ¶ 12.)* As of filing, Gallucci remains employed with United Airlines. *(Cronk Decl. at ¶ 3, 7-8.) (Reply at 2.)* Gallucci's continued employment reasonably assumes a continued residence on Guam. Furthermore, Gallucci needs only prove a *prima facie* showing of residency, which the Court believes has been reasonably established.[1]

In the interest of judicial efficiency, courts may exercise discretion over motions to dismiss. Speicher at ¶ 21 (citing Simmons v. Superior Court, 96 Cal. App. 119, 123-24 (1950)). Here, the Court may maintain jurisdiction, but *only* over the dissolution of marriage.[2] Id. at ¶¶ 20, 22. A court cannot distinguish one's right to property without having proper jurisdiction over that party. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418 (1957) ("Since the wife was not subject to its jurisdiction, the Nevada divorce court has no power to extinguish any right which she had under the law of New York to financial support from her husband.") Divisible divorce goes beyond a jurisdictional concept; it has strong policy interests as well, such as avoiding duplicity. Speicher at ¶¶ 12, 18-19, 24. The Full Faith and Credit Clause allow adjudication of the marital status without

---

[1] Gallucci also proves residency on Guam through the residency requirements for Guam elections. The Rules for Determining Residency states: "(1) The residency of a person is that place where that person lives for a period of at least thirty (30) days, maintains that person's home and to which, whenever that person is absent, that person has the bona fide intention to return. . . . Indicia of residence on Guam shall include, but not be limited to, payment of Guam personal income taxes, maintaining a home or other living accommodation on Guam, having temporarily departed Guam with the intention of returning, and not being registered to vote in any other U.S. jurisdiction since departing Guam." 3 GCA § 9123.

[2] This finding is limited to the issue of dissolution of marriage under divisible divorce. The Court makes no finding as to the Parties' property dispute. Supra Part B.

overstepping potential property rights. Id. at ¶ 17. See Id. at 16 ("The U.S. Supreme Court held that under the Full Faith and Credit Clause . . . New York had to respect Nevada's dissolution of the marriage relationship, but Nevada could not remove the wife's intangible property interests . . . without *in personam* jurisdiction.")

**B. Dismissal is Improper as the Factual Matter Requires Further Development.**

There is impropriety in raising arguments for the first time in a reply to an opposition. The Ninth Circuit has held that federal trial courts "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Raising new arguments in a reply deprives the non-movant of the opportunity to respond to the arguments. The Parties here share the same circumstance. Cronk's moving papers did not address the new facts and arguments raised in her Declaration in support of her Reply. The Court finds the filing of Cronk's Reply, Gallucci's motions, their subsequent oppositions and replies, and Cronk's intent for additional motions further prove that dismissal would be improper. The new issues prove that the factual record should be further developed to inform the Parties of which material facts are at issue and which are undisputed.

The Court finds that a motion to dismiss is improper. Because Guam has jurisdiction over Gallucci, and his pleadings satisfy the statutory requirements for dissolution of marriage, this forum is permitted to rule on the Parties' dissolution of marriage. Speicher at ¶¶ 14, 18, 20. Moreover, divisible divorce would allow the Parties' dissolution of marriage and other disputed issues to move forward– separately– in the jurisdiction deemed proper, satisfying certain public policy interests. This matter also requires further development as demonstrated by the Parties' additional motions and filings. Therefore, the Court finds dismissal of the Complaint improper for these reasons above.

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court **DENIES** Cronk's Motion to Dismiss. Gallucci's additional Motions are now **MOOT**.

**SO ORDERED** this ___ day of October 2019.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the foregoing hereto was placed in the box of:

_Berman_
_Sanchez Tecek_
Date: 10/28/19  Time: 1pm